**RECORD NO. 14-4507**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

TAVARUS STURDIVANT, a/k/a TV,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

**OPENING BRIEF OF APPELLANT
TAVARUS STURDIVANT**

Eric A. Bach
ATTORNEY AT LAW
P. O. Box 33566
Charlotte, North Carolina 28233
(704) 364-6580 Telephone
ebach@mindspring.com

*Counsel for Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION .................................................................................................. 1

STATEMENT OF ISSUES ................................................................................. 2

STATEMENT OF THE CASE ............................................................................ 3

STATEMENT OF FACTS .................................................................................. 3

SUMMARY OF ARGUMENT ........................................................................... 6

ARGUMENT ....................................................................................................... 7

    The trial court appeared to properly sentence the Defendant when it
    resentenced him pursuant to United States v. Simmons ....................... 7

CONCLUSION .................................................................................................. 10

CERTIFICATE OF COMPLIANCE .................................................................. 11

CERTIFICATE OF SERVICE ........................................................................... 12

## TABLE OF AUTHORITIES

**CASES**

Descamps v. United States,
  ____ U.S. v. _____, 133 S.Ct. 2276, 186 L.Ed. 2d 438 (2013). ................ 8

Alleyne v. United States,
  ___ U.S. ____, 133 S.Ct. 2151, 186 L.Ed. 314 (2013). ............................. 8

Koon v. United States,
  518 U.S. 81, 100 (1996). ........................................................................ 7

United States v. Carter,
  564 F.3d 325 (4th Cir. 2009). ............................................................. 8, 9

United States v. Pruitt,
  545 F.3d 416 (6th Cir. 2008) ................................................................. 7

United States v. Simmons,
  649 F.3d 237 (4th Cir. 2011). ..................................................... 2, 3, 5, 6, 7

United States v. Thornton,
  554 F.3d 443, 445 (4th Cir. 2009) ......................................................... 7

**STATUTES**

18 U.S.C. § 3742 .................................................................................... 1
21 U.S.C. § 841...................................................................................... 8
21 U.S.C. § 846 ..................................................................................... 1
21 U.S.C. § 851 ..................................................................................... 7
28 U.S.C. § 1291 ................................................................................... 1

**RULES**

Rules Three and Four of the Rules of Appellate Procedure ........................... 1

# STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This appeal arises from the Defendant's guilty plea, and sentencing hearing. The United District Court for the Western District of North Carolina, Charlotte Division had jurisdiction pursuant to 21 U.S.C. 841, 846 (2014); 28 U.S.C. § 1291 (2014). The Fourth Circuit Court of Appeals has jurisdiction pursuant to 18 U.S.C. § 3742 , and Rules Three and Four of the Rules of Appellate Procedure. 18 U.S.C. §3742 (2014); FRAP R. 3,4 (2014). The original notice of appeal was filed in the district court on December 24, 2010 (JA 221). The Defendant subsequently entered notice of appeal on June 25, 2014 (JA 221). The judgment was entered on June 12, 2014 (JA 215-220).

## STATEMENT OF ISSUES

**1.** Did the trial court commit reversible error in resentencing the Defendant after the defendant had been granted relief pursuant to <u>United States v. Simmons</u>?

## STATEMENT OF CASE

The Defendant was charged in a 45 count bill of superseding indictment filed in the Western District of North Carolina on February 19, 2011 (12-62). The plea agreement was filed on June 3, 2009 (JA 223-233). On June 5, 2009, the government filed a notice of prior of conviction (JA 6 & 24). The Defendant guilty plea was entered on June 10, 2009 before the U.S. Magistrate (JA 63-67). The sentencing hearing was held on December 1, 2010 before Judge Whitney. Judge Whitney sentenced the Defendant to 120 months. The judgment was signed by Judge Whitney on December 15, 2010 (JA 98-103)). The original notice of appeal was entered on December 24, 2010 (JA 8).

The Defendant filed a pro se 2255 motion for relief pursuant to United States v. Simmons JA (104-23). The government responded to the Defendant's pro se motion for relief and did not oppose the Defendant being granting relief despite previously signing a post conviction waiver (JA 125-130). Judge Whitney sentenced the Defendant to 100 months at the resentencing (JJA 215-220). The Defendant entered notice of appeal (JA 221).

## STATEMENT OF FACTS

The original bill of indictment was returned February 19, 2009. On April 22, 2009, the United States obtained a superseding indictment (JA 12-62). On June 2, 2009, the Defendant's trial counsel and the Defendant executed a plea agreement in this case (JA 223-233). On June 3, 2009, the government filed the plea agreement with the court (JA 6 & 24). On June 5, 2009, the government filed a notice of prior conviction. It alleged that the Defendant was convicted on October 6, 2008 of Possession of a Schedule on Controlled Substance (JA 255). On June 10, 2009, the Defendant's entered a plea of guilty before the Honorable David Cayer, U.S. Magistrate (JA 63-67).

The Defendant's presentence report listed one prior conviction for a felony drug offense. In paragraph 105 of the Defendant's PSR, the report arrested an arrest date of April 18, 2007 with an October 6, 2008 conviction for the offense of Possession of a Schedule I Controlled Substance with the Intent to Sell and Deliver. The court imposed a 6-8 month suspended sentence on this offense (JA 255).

The Defendant was sentenced on December 1, 2010 by the Honorable Frank Whitney. During the hearing, the government informed the court that they would not be making a downward departure. In the first interview, the Defendant omitted information about one charged co-defendant. During the

4

second interview, the United States asked about this defendant. The Defendant told the government that he did have some information about this co-defendant. The Defendant did not provide a cogent reason for omitting this information in the first interview. During the hearing, the Defendant through counsel told the court that they wished to preserve the issue of the Defendant being enhanced from five years to ten years (JA 70-96). The court sentenced the Defendant to a 120 month sentence (JA 98-106). The Defendant entered notice of appeal (JA 8).

   The Defendant filed a pro se motion 2255 motion where he did request relief pursuant to United States v. Simmons. The government responded to the Defendant's motion and decided not to enforce the appellate waiver. The Defendant was resentenced on June 10, 2014. Judge Whitney agreed that the mandatory minimum sentence should not apply to the Defendant pursuant to United States v. Simmons (JA 185-87). The court also decided that his guideline range should remain the same. The Defendant through counsel introduced potential sentencing factors that would authorize a lesser sentence than the original 120 months. Judge Whitney sentenced the Defendant to 100 months (JA 215-20). The Defendant entered notice of appeal (JA 221).

## SUMMARY OF ARGUMENT STURDIVANT

The Defendant appears to have been properly resentenced pursuant to <u>United States v. Simmons</u> on the mandatory minimum and the guideline range. The district court resentenced the Defendant without relying on the 851 enhancement, which was based upon an illegal prior conviction. However, the Defendant contends that he should have received a shorter sentence pursuant to the 3553(a) factors.

# ARGUMENT

**I.    The trial court appeared to properly sentence the Defendant when it resentenced him pursuant to <u>United States v. Simmons,</u> but the Defendant request that the court review the district court's use of the 3553 factors.**

## STANDARD OF REVIEW

The trial court's legal findings related to sentencing enhancements are reviewed de novo. <u>United States v. Thornton</u>, 554 F.3d 443, 445 (4th Cir. 2009);<u>United States v. Pruitt</u>, 545 F.3d 416, (6th Cir. 2008). <u>Koon v. United States</u>, 518 U.S. 81, 100 (1996). Any findings of fact related to sentencing factors are reviewed for abuse of discretion. <u>Id</u>.

\* \* \*

The Fourth Circuit in the <u>Simmons</u> case clarified that a North Carolina drug conviction where the Defendant's sentence was less than twelve months was not a proper sentence for increasing the Defendant's mandatory minimum pursuant to 21 U.S.C. § 851 (2014). <u>See</u>, <u>United States v. Simmons,</u> 649 F.3d 237, 245 (4th Cir. 2011).

In the current case, the district court properly sentenced the Defendant pursuant to <u>Simmons</u> when it comes to determining the guideline range and the mandatory minimum sentence. However, the Defendant wishes to argue

7

that court could have sentenced the Defendant to a lesser sentence under the 3553 factors.

The Defendant in this case believed that the two U.S. Supreme Court cases of <u>Descamps</u> and <u>Alleyne</u> may grant him further relief. <u>Alleyne v. United States</u>, ___ U.S. ____, 133 S.Ct. 2151, 186 L.Ed. 314 (2013). <u>Descamps v. United States</u>, ____ U.S. v. _____, 133 S.Ct. 2276, 186 L.Ed. 2d 438 (2013). However, it appeared that neither of these two cases applied to the Defendant's case. The <u>Descamps</u> case concerned the trial court looking at specific facts and not just the offense itself on a burglary case. However, there was no situation analogous in the Defendant's case.

The <u>Alleyne</u> case concerned elements not found by the jury at the district court trial. In the present case, there was not fact pattern that met the holding in the <u>Alleyne</u> case. The <u>Alleyne</u> holding has some parallels to the <u>Simmons</u> case, but it is the holding in Simmons that applies most directly to the Defendant.

A review of the record indicates that the district court did properly review the 3553 factors prior to imposing sentence in this case. The court considered the mitigating evidence that the Defendant had presented. In <u>United States v. Carter</u>, the Fourth Circuit outlined the proper inquiry that the district court should employ prior to imposing a sentence. In the <u>Carter</u> case,

8

the court explained that the district court needs to (1) properly calculate the guideline range (2) make an individualized assessment of the 3553 factors that apply in the Defendant's case (3) explain the reasons supporting the chosen sentence and (4) explain how the 3553 factors apply to the Defendant. See, <u>United States v. Carter</u>, 564 F.3d 325, 328-30 (4th Cir. 2009).

In the present case, the district court properly calculated the Defendant's guideline range under the current standard of review. The district court also explained how it balanced the 3553 factors, both the aggravating and mitigating factors, in arriving at the sentence of 100 months (JA 203-212). However, the Defendant argues that the mitigating evidence presented by the Defendant should have entitled him to a lesser sentence under the 3553 factors(JA139-183 and JA 188-192).

## CONCLUSION

The district court appeared to properly sentence the Defendant regarding the guideline range and the mandatory minimum sentence. However, it appeared the Defendant should have received a sentence of less than a hundred months the Defendant respectfully request that the court remand this case with further instructions to the district court.

This the 4th day of November 2014.

        /s/ Eric A. Bach
Eric A. Bach
Attorney for the Defendant
P.O. Box 33566
Charlotte NC 28233
704-364-6580
e-mail ebach@mindspring.com
NC Bar no. 19794

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. 32(a)(7)(B) because:

   The page count of this brief is <u>10 pages</u>.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   This brief has been prepared in a proportionally spaced typeface using
   <u>Micro Soft Word, Times New Roman, 14 point</u>.

## CERTIFICATE OF SERVICE

I hereby certify on November 4 2014.that the required number of copies of the Appellant's Brief has been filed with the Fourth Circuit Court of Appeals a copy of the Defendant's Brief has been duly served upon the U.S. Attorney by using the 4th Cir. ECF System:

    Amy Ray (amy.ray@usdoj.gov)
    Asst. United States Attorney
    100 Otis Street Suite 233
    Asheville NC 28801


November 4, 2014                                   /s/ Eric A. Bach
                                                            Eric A. Bach
                                                   Attorney for the Defendant